# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ERNST BRUNY, JR.,**

    **Petitioner,**

**vs.**                                                                                                       **Case No. 17–cv–0300–DRH**

**JACQUELINE LASHBROOK**

    **Respondent.**

## MEMORANDUM AND ORDER

**HERDON, District Judge:**

Petitioner Ernst Bruny, Jr. is in the custody of the Illinois Department of Corrections, housed at Menard Correctional Center. Petitioner brings this action pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner pleaded guilty to first degree murder and was sentenced to natural life in prison without the possibility of parole. (Doc. 1, p. 1).

## The Petition

Petitioner was sentenced on July 11, 2000. (Doc. 1, p. 1). He did not pursue a direct appeal, but he filed for post-conviction relief on 2 separate occasions. *Id.* Petitioner filed a motion for post-conviction relief in state court on December 4, 2000. (Doc. 1, p. 3). The motion was denied on January 26, 2004. (Doc. 1, p. 4). The Illinois Supreme Court denied the request for review on May 25, 2005. (Doc. 1, p. 5). Most recently, on September 19, 2014 petitioner filed a 2-1404 petition alleging that his sentence violated the Fifth and Fourteenth

Amendments in state court. (Doc. 1, p. 4). That petition was denied on March 2, 2015. *Id*. On March 30, 2016, the Illinois Supreme Court chose not take up petitioner's 2-1404 petition. (Doc. 1, p. 5).

Petitioner seeks to raise the issues of his 2-1404 petition in this proceeding. Specifically, he alleges that 1) the trial court improperly intruded on the function of the grand jury by fact finding elements of the crime in order to impose an extended term sentence; and 2) the extended term of his sentence is void. (Doc. 1, pp. 9-10).

The form utilized by the district court specifically asks petitioners to explain why the 1-year statute of limitations does not bar a petition. Petitioner left this section blank. (Doc. 1, p. 7). In his memorandum of law, petitioner argues that he relies on the Supreme Court decision in *Alleyne v. United States*, 133 S.Ct. 2151 (U.S. 2013), which was decided on June 17, 2013.

## **Discussion**

Rule 4 of the Rules Governing Section 2254 cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

As a preliminary matter, the Court must first determine whether the petition is timely. According to § 2244(d)(1), a person convicted in state court must file his federal habeas petition within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations is tolled during the pendency of a "properly-filed" state post-conviction petition. 28 U.S.C. § 2244(d)(2). Equitable tolling may be available in appropriate cases, but a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 645-649 (2010) citing *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). The Supreme Court has emphasized that "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied." *Holland,* 560 U.S. at 652.

This case is untimely under the standard in § 2244(d)(1)(A). Pursuant to ILCS S. Ct. Rule 606, a notice of appeal of a final judgment must be filed within 30 days after the entry of final judgment. Here, petitioner has affirmatively stated that he did not directly appeal his sentence. He was sentenced on July 11, 2000, meaning that the statute of limitations under § 2244 began to run on August 10, 2000, or 30 days after sentencing. Petitioner then alleges that he filed his first

motion for post-conviction relief on December 4, 2000, meaning that the statute of limitations ran for 116 days. The motion for post-conviction relief tolled the statute until it was resolved. The statute of limitations started running again on May 26, 2005 after the Illinois Supreme Court denied the petition for leave to appeal on May 25, 2005. Petitioner therefore had to bring his suit or take another action that would toll the statute of limitations no later than 249 days after his PLA was denied, or on or before January 30, 2006. Instead, petitioner did not take further action on his case until September 19, 2014, more than 8 years later. Even assuming that there was some impediment between the denial of his post-conviction motion and the initiation of the 2-1404 motion, Petitioner waited 357 days between the Illinois Supreme Court's denial of a PLA in that case and filing this case. But the statute of limitations had already run for 116 days, making petitioner 108 days tardy, even if the 8 years of delay are not counted against him.

The case also fails to meet the standard in § 2244 (d)(1)(C). Petitioner argues that he relies on *Alleyne v. United States*, a Supreme Court case, which was decided on June 17, 2013. 133 S.Ct. 2151. Petitioner argues that he could not have brought his case prior to that decision.[1] However, the Supreme Court has never found *Alleyne* to apply retroactively. *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013). Even if *Alleyne* did meet the requirements of § 2244(d)(1)(C), petitioner still waited too long to file suit; his 2-1404 petition was

---

[1] This argument is questionable, because *Alleyne* is an extension of *Aprendi*, the case Petitioner relied on in his 2000 post-conviction motion.

4

not filed until September 19, 2014, more than 90 days after the statute of limitations would have run if *Alleyne* restarted the clock, which it did not.

Petitioner has not identified any other reason which would justify tolling, despite the Court's explicit invitation to do so. The Court therefore finds the petition untimely, and **DISMISSES** it with prejudice.

## Disposition

This Petition is **DISMISSED** with prejudice as untimely.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000). Both components must be established for a certificate to issue.

Here it is clear that the petition is untimely. No reasonable jurist would find the issue debatable. Accordingly, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

**DATED: April 24, 2017**

*Digitally signed by Judge David R. Herndon*
*Date: 2017.04.24 14:58:29 -05'00'*

**United States District Judge**